LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
JOY STEPHENSON-LAWS   (SBN 113755)
jstephenson@sacfirm.com
RICHARD A. LOVICH   (SBN 113472)
rlovich@sacfirm.com
KARLENE J. ROGERS-ABERMAN  (SBN 237883)
kaberman@sacfirm.com
DAVID F. MASTAN   (SBN 152109)
dmastan@sacfirm.com
BARBARA V. LAM, ESQ. (SBN 231073)
blam@sacfirm.com

303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone:   (818) 559-4477
Facsimile:   (818) 559-5484

Attorneys for Plaintiff,
LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California non-profit corporation;<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC., a Georgia for-profit corporation; and DOES 1 THROUGH 25, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1.  BREACH OF IMPLIED IN FACT CONTRACT; AND<br><br>2.  *QUANTUM MERUIT* |

# PARTIES

1. Plaintiff LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD ("Lucile Packard Children's Hospital") is a non-profit corporation organized and existing pursuant to the laws of the State of California. Lucile Packard Children's Hospital has its principal place of business in the City of Palo Alto, County of Santa Clara, State of California. Lucile Packard Children's Hospital renders medically necessary care to patients in need of medical services.

2. Lucile Packard Children's Hospital is informed, believes, and thereon alleges that Defendant BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC. ("BCBSGA Plan") is an insurance company that is organized and existing pursuant to the laws of the State of Georgia. BCBSGA Plan has its principal place of business in the City of Indianapolis, State of Indiana. Among other things, BCBSGA Plan is in the business of arranging, providing, and/or paying for the provision of health care services to its enrollees.

3. Lucile Packard Children's Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Lucile Packard Children's Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4. Defendant BCBSGA Plan and Does 1 through 25, inclusive, shall be collectively referred to as " BCBSGA Plan."

5. Each of the defendants, at all relevant times, have transacted

business in the State of California.

6. Lucile Packard Children's Hospital is informed, believes, and thereon alleges that at all relevant times, each of the defendants, including the defendants named "Doe" were and are the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and were, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or are in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

7. Lucile Packard Children's Hospital is informed and believes and thereon alleges that, at all relevant times, the Patient D[1] (Dates of service December 5, 2019 – December 22, 2019; Subscriber ID UIK***953) was an enrollee of a health plan sponsored, administered, and/or financed by BCBSGA PLAN.

8. Patient D, a minor, was brought by her father to Lucile Packard Children's Hospital's emergency department for medically necessary care. Lucile Packard Children's Hospital rendered medically necessary services (including emergency related medical services) to Patient D from December 5, 2019 – December 22, 2019.

9. Lucile Packard Children's Hospital is informed and believes and thereon alleges BCBSGA PLAN is financially responsible for the medically

---

[1] For the purpose of this public filed document, Lucile Packard Children's Hospital has limited disclosure of the patient identification here pursuant to the privacy provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320 et seq., and the California Constitution, art. 1 § 1.

necessary services (including emergency related medical services) rendered to Patient D from December 5, 2019 – December 22, 2019.

10.  The reasonable value of Lucile Packard Children's Hospital's medically necessary services (including emergency related medical services) rendered to Patient D from December 5, 2019 – December 22, 2019, amounted to $337,741.50, which also reflects Lucile Packard Children's Hospital's usual and customary full bill charges.

11.  Lucile Packard Children's Hospital timely and properly billed BCBSGA PLAN and/or its agent for the medically necessary services (including emergency related medical services) rendered to Patient D from December 5, 2019 – December 22, 2019.

12.  Rather than fully paying Lucile Packard Children's Hospital for the medically necessary services (including emergency related medical services) rendered to Patient D, BCBSGA PLAN only paid a small amount.

## FIRST CAUSE OF ACTION
(Breach of Implied-In-Fact Contract)
(Against defendant BCBSGA PLAN and Does 1 through 25, inclusive)

13.  Lucile Packard Children's Hospital incorporates by reference and re-alleges paragraphs 1 through 12 here as though set forth in full.

14.  At all relevant times, Lucile Packard Children's Hospital and Anthem Blue Cross (not a party in this action) had entered into a written contract (the "Facility Agreement"). According to the Facility Agreement, Lucile Packard Children's Hospital agreed to render medically necessary services (including

emergency related medical services) to enrollees of Anthem Blue Cross health plans, as well as enrollees of Other Payors, which are entities utilizing a network to access the Facility Agreement pursuant to an agreement with Anthem Blue Cross or an Anthem Affiliate, including but without limitation to other Blue Cross and/or Blue Shield plans that are not Affiliates, and employers or insurers (the "Plan"). In exchange for access to the discounted rates called for in the Facility Agreement, each such Plan was to pay directly to Lucile Packard Children's Hospital the negotiated discounted rates for the medically necessary services (including emergency related medical services) rendered to the enrollees of that Plan.

15. Lucile Packard Children's Hospital is informed and believes and thereon alleges that at all relevant times, BCBSGA PLAN is an Other Payor as identified in the Facility Agreement, an out-of-state affiliate of Anthem Blue Cross, an independent licensee of the Blue Cross Blue Shield Association, an associate of a Blue Cross Blue Shield Association, and/or a participant in the BlueCard program.

16. Lucile Packard Children's Hospital is informed and believes and thereon alleges that at all relevant times, BCBSGA PLAN had an agreement with Anthem Blue Cross or an Affiliate, where BCBSGA PLAN is allowed to access the negotiated discounted rates under the Facility Agreement and where BCBSGA PLAN agreed to pay Lucile Packard Children's Hospital at those negotiated discounted rates when Lucile Packard Children's Hospital rendered medically necessary services (including emergency related medical services) to enrollees of BCBSGA PLAN.

17. Lucile Packard Children's Hospital is informed and believes and thereon alleges that at all relevant times, BCBSGA PLAN had a business relationship with Anthem Blue Cross, where BCBSGA PLAN agreed to pay Lucile

Packard Children's Hospital for the medically necessary services (including emergency related medical services) rendered to the enrollees of BCBSGA PLAN pursuant to negotiated discounted rates under the Facility Agreement.

18.     Thus, at all relevant times, Lucile Packard Children's Hospital, under the Facility Agreement, was a provider of medically necessary services (including emergency related medical services) for the benefit of all enrollees of Anthem Blue Cross health plans (including out-of-state affiliates of Blue Cross of California), enrollees of all independent licensees of the Blue Cross Blue Shield Associations, enrollees of Blue Card program plans, and enrollees of Other Payors.

19.     Thus, at all relevant times, BCBSGA PLAN was subject to the negotiated discounted rates under the Facility Agreement.

20.     Accordingly, Lucile Packard Children's Hospital agreed to render medically necessary services (including emergency related medical services) to enrollees of BCBSGA PLAN; in exchange, BCBSGA PLAN agreed to pay Lucile Packard Children's Hospital at the negotiated discounted rates under the Facility Agreement. In general, the negotiated rates under the Facility Agreement provided for medically necessary services (including emergency related medical services) to be paid at a discount off of Lucile Packard Children's Hospital's usual and customary total billed charges.

21.     Under the Facility Agreement, Lucile Packard Children's Hospital agreed to submit bills to BCBSGA PLAN (through Anthem Blue Cross), reflecting Lucile Packard Children's Hospital's usual and customary total billed charges associated for rendering medically necessary services (including emergency related medical services) to enrollees of BCBSGA PLAN. In exchange, BCBSGA PLAN agreed to process and pay such claims according to the

negotiated discounted rates under the Facility Agreement (i.e., Lucile Packard Children's Hospital's usual and customary total billed charges less a specified discount). Lucile Packard Children's Hospital's usual and customary total billed charges for rendering the medically necessary services (including emergency related medical services) to Patient D from December 5, 2019 – December 22, 2019, amounted to $337,741.50. BCBSGA PLAN paid a small amount, but refused to pay the balance due of $130,466, despite demands thereof.

22. BCBSGA PLAN breached that implied-in-fact contract by failing to pay Lucile Packard Children's Hospital the remaining amount due of $130,466, in accordance with the Facility Agreement.

23. As a result of the breach by BCBSGA PLAN, Lucile Packard Children's Hospital has suffered damages in an amount to be proven at trial according to proof but which is not less than $130,466, exclusive of interest.

## SECOND CAUSE OF ACTION
*(QUANTUM MERUIT)*
(Against defendant BCBSGA PLAN and Does 1 through 25, inclusive)

24. Lucile Packard Children's Hospital incorporates by reference and re-alleges paragraphs 1 through 12 here as though set forth in full.

25. In the alternative, should it be found no contractual relationship exists between Lucile Packard Children's Hospital and BCBSGA PLAN and/or its agents, these claims should nevertheless be fully paid under the theory of *quantum meruit*.

26. At all relevant times, Lucile Packard Children's Hospital is

informed and believes and thereon alleges that BCBSGA PLAN instructed its enrollees to go to the nearest emergency hospital to obtain medically necessary services (including emergency related medical services) when the enrollees believe they are experiencing an emergency medical condition.

27. At all relevant times, Lucile Packard Children's Hospital is informed and believes and thereon alleges that BCBSGA PLAN instructed (through words or conduct) its enrollees that BCBSGA PLAN will pay the hospital directly when medically necessary services (including emergency related medical services) are provided to the enrollees.

28. Lucile Packard Children's Hospital is informed and believes and thereon alleges that at all relevant times, Patient D, from December 5, 2019 – December 22, 2019, was an enrollee of a BCBSGA PLAN health plan, and had paid premiums to BCBSGA PLAN for medical coverage. In exchange for such payment of premiums, BCBSGA PLAN was expected to accept, process, arrange for, and/or pay hospitals for the medically necessary services (including emergency related medical services) rendered to Patient D.

29. Lucile Packard Children's Hospital is informed and believes and thereon alleges that by providing such medically necessary services (including emergency related medical services) to Patient D, Lucile Packard Children's Hospital conferred a benefit upon BCBSGA PLAN because it allowed BCBSGA PLAN to make good on promises made to its enrollees that its enrollees and their families would receive and be covered for the medically necessary services (including emergency related medical services) and would shield their enrollees from the bulk of the financial responsibility for payment for the medically necessary services (including emergency related medical services) received by them and their families. Thus, by fulfilling its coverage obligations to its plan enrollees and their

families, BCBSGA PLAN does not have to face allegations that they breached any duties owed to the plan enrollees and their families. In other words, by rendering medically necessary services (including emergency related medical services) to Patient D, Lucile Packard Children's Hospital helped BCBSGA PLAN fulfill its legal duty as explained above.  Thus, a benefit accrued to BCBSGA PLAN and Lucile Packard Children's Hospital is entitled to the reimbursement of the reasonable value of the services.  The reasonable value of the services is Lucile Packard Children's Hospital's usual and customary full bill charges.

30. Lucile Packard Children's Hospital is informed and believes and thereon alleges that BCBSGA PLAN promised its enrollees (including Patient D or their representatives) it would arrange for and/or pay for the medically necessary services (including emergency related medical services) needed by them.

31. Accordingly, when Lucile Packard Children's Hospital rendered the medically necessary services (including emergency related medical services) to Patient D, BCBSGA PLAN benefited because Lucile Packard Children's Hospital thereby assisted BCBSGA PLAN in meeting its obligation to arrange for and/or pay for the medically necessary services (including emergency related medical services) rendered to its enrollees, including Patient D.

32. Because BCBSGA PLAN not only confirmed coverage, but also authorized the treatment, such conduct is tantamount to a request by BCBSGA PLAN to confer the benefit of treatment provided by Lucile Packard Children's Hospital to Patient D.

33. BCBSGA PLAN's own conduct manifested an implicit request for Lucile Packard Children's Hospital to render the medically necessary services

(including emergency related medical services): first, BCBSGA PLAN and/or its agent verified insurance eligibility information for Patient D under BCBSGA PLAN' health plans; second BCBSGA PLAN authorized the medical services for Patient D; third, at no time during the hospitalization, did BCBSGA PLAN coordinate the transfer of Patient D to another hospital or coordinate with another provider to take over the care of Patient D; and fourth, BCBSGA PLAN issued partial payment for the medically necessary services (including emergency related medical services) rendered to Patient D.

34. By its words and/or conduct, BCBSGA PLAN and/or its agent requested that Lucile Packard Children's Hospital provide Patient D the medically necessary services (including emergency related medical services).

35. Acting pursuant to BCBSGA PLAN's implied and/or express request, Lucile Packard Children's Hospital provided medically necessary services (including emergency related medical services) to Patient D.

36. Lucile Packard Children's Hospital's rendering of the medically necessary services (including emergency related medical services) to Patient D was intended to, and did, benefit Patient D, and therefore BCBSGA PLAN.

37. For rendering the medically necessary services (including emergency related medical services) to Patient D, Lucile Packard Children's Hospital expected BCBSGA PLAN to fully reimburse Lucile Packard Children's Hospital at its reasonable value of $337,741.50, which also reflects Lucile Packard Children's Hospital's usual and customary full bill charges, for the medically necessary services (including emergency related medical services) rendered to Patient D from December 5, 2019 – December 22, 2019.

38. BCBSGA PLAN paid a small amount, but refused to pay the balance due of $309,784.50, despite demands thereof.

39. Within the past two years, Lucile Packard Children's Hospital demanded BCBSGA PLAN and/or its agents to fully pay the medically necessary services (including emergency related medical services) rendered to Patient D, but BCBSGA PLAN and/or its agents have refused.

40. As a result of BCBSGA PLAN's misconduct and/or the misconduct of its agents, Lucile Packard Children's Hospital has suffered damages in the amount of $309,784.50.

## PRAYER FOR RELIEF

**WHEREFORE**, Lucile Packard Children's Hospital prays for judgment as follows:

For the First Cause of Action:

38. for the principal sum of $130,466 and for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For the Second Cause of Action (in the alternative):

39. for the principal sum of $309,784.50 and for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For all Causes of Action:

    40.    for all costs of suit incurred herein; and,

    41.    for such other and further relief as the Court deems just and proper.

Dated: December 7, 2021

        LAW OFFICES OF STEPHENSON,
        ACQUISTO & COLMAN, INC.

_____

        BARBARA V. LAM
        Attorneys for
        LUCILE SALTER PACKARD
        CHILDREN'S HOSPITAL AT
        STANFORD