UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC., et al.,<br><br>Defendants. | Case No. 21-cv-09606-EMC<br><br>**ORDER GRANTING UNIVERSITY DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 32 |

## I. OVERVIEW

Plaintiff Lucile Salter Packard Children's Hospital at Stanford brings suit against Defendants Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. ("Blue Cross GA"), the Board of Regents of the University System of Georgia, and the Georgia Institute of Technology ("University Defendants"). Plaintiff claims it is owed compensation from University Defendants for services provided to a non-party patient ("Patient D")—an alleged enrollee of a health plan "sponsored, administered, and/or financed by" University Defendants. *See* Docket No. 27 ("FAC"). Plaintiff bases its claims on theories of *quantum meruit* and breach of an implied-in-fact contract. *Id.*

Now pending is University Defendants' 12(b)(6) motion to dismiss Plaintiff's suit. Docket No. 32 ("MTD"). University Defendants present three arguments in support of dismissal: (1) Plaintiff's claims are barred by the Eleventh Amendment; (2) the Court lacks diversity jurisdiction over Defendants because they are not citizens for diversity purposes; and (3), Plaintiff has not sufficiently plead their underlying contract claims. *See* Docket No. 34 ("Reply"); *see also* MTD.

1   For the following reasons, the Court **GRANTS** University Defendants' motion to dismiss based
2   on the Eleventh Amendment. The order does not address the validity of the underlying contract
3   claim.

## II.     ANALYSIS

A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a "pleading that states a claim for relief" to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the pleading] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the [pleading] as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The Ninth Circuit treats Eleventh Amendment immunity as a quasi-jurisdictional affirmative defense that will be waived if not asserted. *See Tritchler v. Cnty. of Lake*, 358 F.3d 1150 (9th Cir. 2004) (citing *ITSI TV Prods., Inc. v. Agric. Ass'ns*, 3 F.3d 1289, 1291 (9th Cir.1993)). Thus, dismissal under 12(b)(6) is appropriate where a defendant validly raises the Eleventh Amendment.[1] *See Wagnon v. Rocklin Unified Sch. Dist.*, No. 217CV01666TLNKJN, 2021 WL 1214571 (E.D. Cal.

---

[1] Considering the quasi-jurisdictional nature of the Eleventh Amendment, *see Tritchler*, 358 F.3d 1150, the Court also notes that a 12(b)(2) motion to dismiss may have been an appropriate mechanism to move for dismissal. *See Loucks v. Kaiser Found. Hosps.*, No. 20-CV-01216-EMC, 2020 WL 3469326 (N.D. Cal. June 25, 2020) (dismissing case based on Eleventh Amendment immunity under FRCP 12(b)(2)).

1  Mar. 31, 2021).

2  B.     Eleventh Amendment

3        The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Supreme Court has construed the text of the Amendment broadly, such that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state."  *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.") (internal citation omitted).  This rule "extends to suits by citizens against their own state and certain actions against state agencies and state instrumentalities."  *Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1180 (9th Cir. 2003) (internal citations and quotation marks omitted).

      University Defendants seek dismissal for failure to state a claim upon which relief can be granted, contending they are immune from suit in federal court under the Eleventh Amendment.  *See* MTD.  Eleventh Amendment immunity applies if University Defendants are properly characterized as arms of the state of Georgia.  *See Holz*, 347 F.3d at 1180.  Numerous cases have concluded that University Defendants are properly characterized as such.  *See*, *e.g.*, *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir. 2017) ("The Board is considered a state entity that is an arm of the state of Georgia for purposes of the Eleventh Amendment.") (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 616–17 (2002)); *Duva v. Bd. of Regents of the Univ. Sys. of Georgia*, 654 F. App'x 451, 453 (11th Cir. 2016) ("[T]he Board is an agency of the State of Georgia."); *Baggett v. Georgia Inst. of Tech.*, No. 1:07-CV-1399-WSD-AJB, 2009 WL 10665814, at *n.4 (N.D. Ga. Jan. 8, 2009) ("It is undisputed that under Georgia law, the Board of Regents and the universities it operates, including Georgia Tech, are arms of the State of Georgia."); *Peacock v. Riggsbee*, 309 F. Supp. 542, 543 (N.D. Ga. 1970) (Eleventh Amendment bars suit against the Georgia Board of Regents and Georgia Institute of Technology).

3

Therefore, University Defendants constitute arms of the state of Georgia and are entitled to Eleventh Amendment immunity.

### III.  CONCLUSION

The Court finds that Plaintiff's suit against University Defendants is barred by the Eleventh Amendment of the United States Constitution, and **GRANTS** University Defendants' motion to dismiss. The Clerk is instructed to enter Judgment in favor of University Defendants.

This order disposes of Docket No. 32.

**IT IS SO ORDERED**.

Dated: October 4, 2022

_____
EDWARD M. CHEN
United States District Judge